CHARLES E. ALLEN, TAX COLLECTOR, *Appellant*, v. THE JOSEPH DIXON CRUCIBLE COMPANY, A CORPORATION, *Appellee.*

Opinion filed Nov. 19, 1915.

1. Boats and cedar logs, for use in a manufacturing plant, are properly assessed against the owner "as material and machinery used in business as Merchants and Manufacturers," even though the plant was at the time of the assessment being operated by other parties under a contract with the owner.

2. The validity of an assessment is not destroyed by the fact that the subdivision of the assessment roll under which the valuation is placed, includes also items that might not be subject to taxation, it appearing that property clearly taxable exceeded the valuation.

3. The listing of personal property for taxation under an abbreviated name of a corporation, its popular appellation and

recognized by it for years in the tax list, will not vitiate the assessment, no return for taxation having been made by the corporation.

Appeal from Circuit Court, Citrus County; W. S. Bullock, Judge.

Order reversed.

*Geo. W. Schofield, H. J. Dame* and *T. F. West*, Attorney General, for Appellant;

*Anderson & Anderson*, for Appellee.

COCKRELL, J.—This is an appeal from an order restraining the Tax Collector of Citrus County from attempting to enforce the collection of a tax upon personal property.

The Circuit Court found that the complainant had intangible personal property in the county more than the amount assessed against it, but that this property consisting of boats and cedar logs should have been assessed under the heading 20—"Value of Household and Kitchen Furniture, Pianos, Organs, Pictures and Paintings and all other Personal Property not otherwise enumerated," whereas it was in fact placed under heading 18—"Value of Merchandise, Money and Credits, and material and machinery used in the business as Merchants and Manufacturies." It clearly appears that the boats and logs were used in the manufacturing plant belonging to the complainant, but the plant was at the time the assessment was made, being operated by some other parties under a contract with the owner.

Assuming that the complainant  in compliance with Section 8, Article IX of the Constitution, had paid all its taxes legally and regularly assessed, a condition precedent to relief, but not shown here, and further assuming that equity is the proper forum and this were a case where the taxing power was asking the court for affirmative relief, and we were called upon to decide as to which classification on the assessment rolls this particular kind of personal property belonged, we would decide it just as the Tax Assessor did.  The boats and logs used in connection with the mill belong strictly under the 18th heading and it is wholly immaterial whether the owner or a lessee be operating the mill.  Just as in real property the assessment is to the owner, not the lessee, so in this class of property the owner, not the lessee who may be financially irresponsible is held liable for the tax.

As the owner failed to make return of its property to the Tax Assessor, a right to complain of the valuation is denied by the statute, and a court of equity should not entertain its complaint especially when the showing is clear that the actual value of the property largely exceeded the assessor's guess.

The validity of the assessment is not destroyed by the fact that the subdivision 18 of the assessment roll rendered possible an inclusion therein of merchandise, money and credits belonging to the corporation, domiciled in another State, which might not have been subject to taxation in this State.  The corporation had a right to make its own listing and valuation of property exclusively in this State, and if an injury had been done it by the assessor or the county commissioners, the reviewing body, the courts were open to its relief.  It appears as a fact that nothing was in fact included except property subject

'to taxation by this State, and the whole *casus belli* is that having for years received the benefit of an undervaluation along with other taxpayers, this complainant's assessment was raised rateably with those other taxpayers, by order of the State Tax Commission, but yet this assessment is far below the actual cash value.

This assessment is against the "Dixon Crucible Company," instead of being against "The Joseph Dixon Crucible Company, a Corporation," the latter being the real corporate name of the company. The assessment had been in the former abbreviated name for years, either by express direction of the complainant, or by long acquiescence, and it was most generally known in the community by the shorter name. This objection does not impress us as meriting further discussion.

The restraining order should not have been issued, and it is accordingly reversed.

TAYLOR, C. J., and SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.